# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMADA YANETH BACA RUEDA AS TUTRIX OF MARLEN CAROLINA ZABALA HERNANDEZ | CIVIL ACTION |
| VERSUS | NO: 17-10326 |
| CONSOLIDATED GRAIN & BARGE, INC. | SECTION: "S" (4) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Consolidated Grain & Barge, Inc.'s Motion for Summary Judgment (Doc. #15) is **GRANTED**, and plaintiff's claims against it are **DISMISSED**.

## BACKGROUND

This matter is before the court on a motion for summary judgment filed by defendant, Consolidated Grain & Barge, Inc. ("CGB").

On June 25, 2016, Braulio Reina, who was employed by Trinity Trading Group and assigned to work aboard the M/V JUN JIE, was crushed to death when metal fell from a crane during cargo operations. Plaintiff, Amada Yaneth Baca Rueda, as tutrix of Marlen Carolina Zabala Hernandez, filed this action against CGB alleging that CGB employed the crane operator that was unloading the bags of metal from the M/V JUN JIE, and that CGB is liable under maritime law for negligence in hiring, training and supervising the crane operator, and failing to maintain and operate the crane in a safe manner. CGB filed the instant motion for summary judgment arguing that it cannot be held liable for Reina's death because it was not associated in any way with the crane from which the metal fell or the crane operator who was working the crane.

## ANALYSIS

I.      **Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2509-10 (1986).  The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 106 S.Ct. at 2510).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents properly to support its motion, but need only point out the absence of

evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

## II.     Negligence Under the General Maritime Law

Rueda raises a maritime negligence claim against CGB. To prevail on a negligence claim under admiralty law, the plaintiff must prove: (1) that the defendant owed it a duty; (2) the defendant breached that duty; (3) the breach was the cause-in-fact and legal cause of plaintiff's damages; and, (4) actual damages. In re Mid–S. Towing Co., 418 F.3d 526, 531 (5th Cir. 2005); see also 1 Thomas J. Schoenbaum, Admiralty and Maritime Law § 5–2 (2d ed. 1994). In admiralty cases, the standard of care is established by statutes or regulations, maritime custom, or by the general principles of negligence law. S.C. Loveland, Inc. v. E.W. Towing, Inc., 608 F.2d 160, 165 (5th Cir. 1979).

CGB filed the affidavit Klint Beckendorf, its corporate counsel in support of its motion for summary judgment . Beckendorf bases the statements in his affidavit on his personal knowledge and access to the company's documents. In his affidavit, Beckendorf states that CGB did not employ, hire, train or supervise the crane operator involved in the incident, nor did CGB own or maintain the crane. CGB did not own the M/V JUN JIE or the vessel upon which the crane was aboard. Further, nobody at the worksite or engaged in the cargo operations at the time of Reina's accident was employed by or under the control of CGB.

Rueda argues that Beckendorf's affidavit is not sufficient summary judgment evidence and that there are genuine issues of material fact as to whether CGB owned the crane. As evidence, Rueda cites a Barge Service Agreement dated August 22, 1994, in which CGB contracts with St. John Fleeting, Inc. to clean, paint and repair river equipment, and requires CGB to provide a crane

3

barge for that purpose. Rueda also argues that CGB is liable for unseaworthiness for providing an unseaworthy crane barge.

Beckendorf's affidavit is competent summary judgment evidence because it is verified as "true and correct" and made under the penalty of perjury. Nissho-Iwai Am. Corp. v. Kline, 845 F.2d 1300, 1306-07 (5th Cir. 1988). Beckendorf's affidavit establishes that CGB was not in any way associated with the crane involved in Reina's accident. Rueda has not put forth any evidence that specifically contradicts the statements in Beckendorf's affidavit. Because CGB was not in any way associated with the crane involved in the accident, CGB cannot be held liable for negligence or unseaworthiess.[1] CGB's motion for summary judgment is GRANTED, and plaintiff's claims against it are DISMISSED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Consolidated Grain & Barge, Inc.'s Motion for Summary Judgment (Doc. #15) is **GRANTED**, and plaintiff's claims against it are **DISMISSED**.

New Orleans, Louisiana, this __5th__ day of September, 2018.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[1] Rueda did not plead a claim for unseaworthiness in the complaint.